UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EMILY KOLLARITSCH; SHAYNA GROSS; JANE ROE 1 and JANE ROE 2,<br><br>Plaintiffs,<br><br>v<br><br>MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES; DENISE MAYBANK, in her individual and official capacity as Vice President for Student Affairs; LOU ANNA SIMON, in her individual and official capacity as President of Michigan State University, and KAPPA SIGMA FRATERNITY,<br><br>Defendants. | Case No. 1:15-cv-01191<br><br>HON. PAUL L. MALONEY<br><br>**DEFENDANT DELTA PSI FRATERNITY'S BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

Jennifer B. Salvatore (P66640)
NACHT, ROUMEL & SALVATORE, P.C.
Co-Counsel for Plaintiffs
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550
jsalvatore@nachtlaw.com

Scott L. Mandel (P33453)
Pamela C. Dausman (P64680)
Tyler J. Olney (P80017)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Attorneys for Defendants Kappa Sigma and Delta Psi
313 S. Washington Square
Lansing, MI 48933
(517) 371-8185
smandel@fosterswift.com
pdausman@fosterswift.com
tolney@fosterswift.com

Irwin M. Zalkin (#89957)
Alexander S. Zalkin (#280813)
THE ZALKIN LAW FIRM, P.C.
Co-Counsel for Plaintiffs
12555 High Bluff Drive, Suite 301
San Diego, CA 92130
(858) 259-3011
irwin@zalkin.com
alex@zalkin.com

Michael E. Baughman
Kristin H. Jones
PEPPER HAMILTON, LLP
Attorneys for MSU Defendants
3000 Two Logan Square
Philadelphia, PA 19103-2799
(215) 981-4897
baughmam@pepperlaw.com
joneskh@pepperlaw.com

Robert T. Kent (P71897)
MSU Office of General Counsel
Attorney for MSU Defendants
426 Auditorium Road, Room 494
East Lansing, MI 48824-2600
(517) 353-3530
robkent@msu.edu

Matthew J. Lund (P48632)
PEPPER HAMILTON, LLP
Attorneys for MSU Defendants
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7370
lundm@pepperlaw.com

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ........................................................................................... ii

CONCISE STATEMENT of ISSUES PRESENTED ................................................... iii

CONTROLLING AUTHORITY FOR RELIEF SOUGHT ......................................... iv

INTRODUCTION ........................................................................................................... 1

ALLEGED FACTUAL BACKGROUND ...................................................................... 1

CLAIM ALLEGED AGAINST DELTA PSI .................................................................. 2

I.     STANDARD OF REVIEW ................................................................................ 3

II.    DELTA PSI WAS NOT WILLFUL OR WANTON IN ITS ACTIONS TOWARD
       MS. GROSS, A SOCIAL GUEST ..................................................................... 3

       A.     The Amended Complaint Fails to Allege Sufficient Facts to Put Delta Psi
              on Notice of Mr. Doe's Alleged Propensities ........................................... 5

       B.     Plaintiffs Fail to Allege Delta Psi Engaged in Willful and Wanton Conduct .......... 7

CONCLUSION ................................................................................................................ 9

# **INDEX OF AUTHORITIES**

## Cases

*Appalachian Railcar Servs. v. Boatright Enters., Inc.*, 602 F. Supp. 2d 829, 846 (W.D. Mich. 2008) .................................................................................................................. 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .............. 3

*Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) ........................................ 3

*Boumlehem v. BIC Corp.*, 211 Mich. App. 175, 187; 535 NW2d 574 (1995) ................................ 8

*Burnett v. Adrian*, 414 Mich. 448, 455; 326 NW2d 810 (Mich. 1982) .......................................... 8

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ................................................. 3

*Kosmalski v. St. John's Lutheran Church*, 261 Mich. App. 56, 61; 680 N.W.2d 50 (Mich. App. 2004) ........................................................................................................................ 4

*Kreipke v. Wayne State Univ.*, 807 F.3d 768, 784 (6th Cir. 2015) .................................................. 8

*Lakeland Reg'l Health Sys. v. Walgreens Health Initiatives, Inc.*, 604 F. Supp. 2d 983, 986 (W.D. Mich. 2009) ............................................................................................... 3, 4

*League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) .......... 3

*Leys v. Lowe's Home Ctrs., Inc.*, 664 F. Supp 2d 828, 835-36 (W.D. Mich. 2009) ........................ 4

*M & M Graphics Servs. v. WIAR*, unpublished opinion per curiam of the Court of Appeals (Docket No. 235853), 2003 Mich. App. LEXIS 1468 (June 19, 2003) ................. 6

*Miller v. Bock*, 223 Mich. App. 159, 166; 567 N.W.2d 253 (Mich. Ct. App. 1997) ...................... 7

*Preston v. Sleziak*, 383 Mich. 442, 451; 175 N.W.2d 759 (Mich. 1970) ........................................ 4

*Sitrin v. Meneghini*, 1996 Mass. App. Div. 148, 150 (Mass. App. Div. 1996) ........................... 6, 7

*Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596-600; 614 N.W.2d 88 (Mich. 2000) ............................................................................................................................ 4

*Taylor v. Laban*, 241 Mich. App. 449, 455-56; 616 N.W.2d 229 (Mich Ct. App. 2000) ....... 5, 7, 8

## **Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1, 3, 8, 9

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. WHETHER PLAINTIFF SHAYNA GROSS' CLAIMS AGAINST DELTA PSI FRATERNITY SHOULD BE DISMISSED BECAUSE SHE CANNOT SHOW THAT DELTA PSI HAD NOTICE OF MR. DOE'S ALLEGED DANGEROUS PROPENSITIES, NOR THAT DELTA PSI'S ALLEGED INACTION ROSE TO THE LEVEL OF WILLFUL AND WANTON MISCONDUCT.

iv

# CONTROLLING AUTHORITY FOR RELIEF SOUGHT

**Cases**

*Leys v. Lowe's Home Ctrs., Inc.*, 664 F. Supp 2d 828, 835-36 (W.D. Mich. 2009) (Hon. Paul Maloney)

*Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591; 614 N.W.2d 88 (Mich. 2000)

*Taylor v. Laban*, 241 Mich. App. 449; 616 N.W.2d 229 (Mich. Ct. App. 2000)

*Sitrin v. Meneghini*, 1996 Mass. App. Div. 148 (Mass. App. Div. 1996).

## INTRODUCTION

Delta Psi Fraternity seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of all Plaintiff Shayna Gross' claims against it because Plaintiff fails to state any claim against Delta Psi for which relief may be granted.[1] That claim fails because Delta Psi owed a limited duty to protect Ms. Gross as a social licensee, and the alleged conduct does not meet the level of culpability required to impose liability on Delta Psi.

## ALLEGED FACTUAL BACKGROUND

The following is a summary of the facts as alleged in the Amended Complaint. Ms. Gross was, at all relevant times, a student at Michigan State University. (Amended Complaint, PageID.233, ¶ 9). Kappa Sigma is a national fraternity that operates a local chapter at Michigan State University. (PageID.233, ¶ 6). Delta Psi is the local Kappa Sigma chapter at Michigan State University. (PageID.233, ¶ 7). For all times relevant to the Amended Complaint, John Doe ("Mr. Doe") was a member in good standing of Delta Psi. (PageID.253, ¶ 137).

The alleged incident precipitating Ms. Gross' Amended Complaint occurred in February of 2013. (PageID.253, ¶ 140). That day, Mr. Doe asked Ms. Gross via text message if she would like to hang out with him that evening at the Delta Psi fraternity house. (PageID.253, ¶ 140). Ms. Gross agreed to accompany Mr. Doe though, according to the Amended Complaint, she made it clear it would only be "as friends." (PageID.253, ¶ 140). That evening, Ms. Gross and another friend went to the Delta Psi fraternity house, where Ms. Gross was given an alcoholic drink by

---

[1] Defendant notes that Delta Psi has not been named as a party to the caption of this lawsuit. However, pursuant to the Court's Order granting Plaintiff's Motion to Amend its Complaint and the fact that Delta Psi is named as a Defendant in the body of the Amended Complaint, it appears to be a simple misnomer that Delta Psi has not been added to the caption. As such, this motion to dismiss is filed on behalf of Defendant Delta Psi.

1

Mr. Doe. (PageID.253, ¶ 141). Ms. Gross only recalls "flashes of the evening" but says that Mr. Doe informed her the next day that they had engaged in sexual intercourse once at the Delta Psi fraternity house and two other times at the Case Hall dormitory. (PageID.253, ¶ 142). Ms. Gross has "little to no recollection of engaging in sexual intercourse" with Mr. Doe. (PageID.253, ¶ 143).

On February 12, 2014, Ms. Gross reported the sexual assault to the Michigan State University Office of Inclusion. (PageID.254, ¶ 144). According to the Amended Complaint, this occurred after Mr. Doe had already been reported for sexually assaulting Plaintiff Emily Kollaritsch and another unnamed female student. (PageID.254, ¶ 144). Ms. Gross, upon information and belief, alleges that other members of Delta Psi were aware that Mr. Doe had been disciplined by MSU for sexually assaulting Plaintiff Emily Kollaritsch. (PageID.254, ¶ 138).

## CLAIM ALLEGED AGAINST DELTA PSI

Ms. Gross' claim for negligence is the only cause of action brought against Delta Psi in the Amended Complaint. The Amended Complaint alleges that Delta Psi violated its duty because Delta Psi "knew or reasonably should have known" of Mr. Doe's "dangerous and exploitive propensities" and: (1) failed to provide adequate supervision over Ms. Gross while in the presence of Mr. Doe; (2) failed to investigate or otherwise confirm or deny facts concerning Mr. Doe's prior history of sexual assault; (3) failed to warn Ms. Gross of the potential threat Mr. Doe posed to female students; and (4) held out Mr. Doe to Ms. Gross as being in good standing and trustworthy. (PageID.260-261, ¶¶ 180-182).

I.  STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), sets forth the pleading standard necessary to survive a Rule 12(b)(6) motion. *Twombly* repudiated the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), holding that the appropriate standard is:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . . On the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

The Sixth Circuit has relied on the *Twombly* analysis of the pleading standard necessary to survive a Rule 12(b)(6) motion. "A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Plaintiff's claim against Delta Psi fails to satisfy this standard, and the Complaint as to Delta Psi should therefore be dismissed.

II.  DELTA PSI WAS NOT WILLFUL OR WANTON IN ITS ACTIONS TOWARD MS. GROSS, A SOCIAL GUEST

Federal courts apply Michigan law to tort claims that arise in Michigan. *Lakeland Reg'l Health Sys. v. Walgreens Health Initiatives, Inc.*, 604 F. Supp. 2d 983, 986 (W.D. Mich. 2009)

(Hon. Paul L. Maloney). When applying state law, federal courts "anticipate how the relevant state's highest court would rule in the case" and are "bound by controlling decisions of that court." *Id.* at 988 (quoting *Appalachian Railcar Servs. v. Boatright Enters., Inc.*, 602 F. Supp. 2d 829, 846 (W.D. Mich. 2008)) (Hon. Paul L. Maloney). However, if the state Supreme Court has not decided the issue, "a federal court presumptively looks to the decisions of the state's appellate courts" and "must accord the same precedential value to a state-court decision as it would be accorded by that state's courts." *Id.* at 988-89. Because the alleged negligence in this case occurred in Michigan, (PageID.223, 253, ¶¶ 7, 142), Michigan tort law should apply.

Ms. Gross alleges that Delta Psi had a duty to protect her as an invitee to its fraternity house, and that Ms. Gross' status as an invitee created a special relationship between Ms. Gross and Delta Psi. (PageID.260, ¶ 180). However, review of the Amended Complaint's allegations demonstrates that Ms. Gross was only a licensee on the night in question. An individual is considered an invitee if he or she confers material or commercial benefit on the owner of the premises. *Kosmalski v. St. John's Lutheran Church*, 261 Mich. App. 56, 61; 680 N.W.2d 50 (Mich. App. 2004). In contrast, a licensee is one who is on the land of another, with permission, for non-business purposes and does not confer a pecuniary benefit onto the premise holder. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596-600; 614 N.W.2d 88 (Mich. 2000) Michigan courts recognize that "[t]ypically, social guests are licensees who assume the ordinary risks associated with their visit." *Id.* at 596 (citing *Preston v. Sleziak*, 383 Mich. 442, 451; 175 N.W.2d 759 (Mich. 1970)). "In order to establish invitee status, a plaintiff must show that the premises were held open for a *commercial* purpose." *Id.* at 604. (emphasis in original); *Leys v. Lowe's Home Ctrs., Inc.*, 664 F. Supp 2d 828, 835-36 (W.D. Mich. 2009) (Hon. Paul Maloney).

4

Ms. Gross alleges that Delta Psi had a duty to protect her as an invitee to its fraternity house, which she further alleges created a special relationship between Ms. Gross and Delta Psi. (PageID.260, ¶ 180). Despite Ms. Gross' conclusory statement to the contrary, the Amended Complaint only asserts factual allegations that Ms. Gross was a social licensee of Delta Psi, as she interacted socially with friends on the premises. (PageID.253, ¶¶ 140-141). There are no allegations that Ms. Gross offered a pecuniary benefit to Kappa Sigma or Delta Psi or that she was on the premises for a business purpose. As such, Delta Psi's duty is at most limited to the duty a premises owner owes a social licensee.

"A social host is under no duty to make a premises safe for a guest other than to warn the guest of concealed defects that are known to the owner and to refrain from willful and wanton misconduct that injures the guest." *Taylor v. Laban*, 241 Mich. App. 449, 455-56; 616 N.W.2d 229 (Mich Ct. App. 2000). Further, while a social host has a duty to control its guests, this duty only exists to the extent the premises owner cannot engage in "willful and wanton misconduct that results in one guest injuring another guest." *Id.* at 457. Plaintiffs, therefore, must show that Delta Psi either knew of Mr. Doe's alleged propensities, the "concealed defect," or that it engaged in willful and wanton misconduct resulting in Ms. Gross' injuries.

A. **The Amended Complaint Fails to Allege Sufficient Facts to Put Delta Psi on Notice of Mr. Doe's Alleged Propensities**

Plaintiffs' claim against Delta Psi rests on the allegation that Delta Psi "knew or should have known" about Mr. Doe's "dangerous and exploitive propensities." (PageID.260, ¶ 181). Based on this alleged knowledge, Plaintiffs argue that it was foreseeable that if Delta Psi did not adequately protect female guests from Mr. Doe, these female guests would be vulnerable to sexual assault perpetrated by Mr. Doe. (PageID.260-261, ¶ 181). However, Plaintiffs do not

allege sufficient facts to show that Delta Psi had or should have had any such knowledge of Mr. Doe's alleged propensities. At most, the Amended Complaint alleges that individual unnamed members of Delta Psi were aware that Mr. Doe had been disciplined by MSU for sexually assaulting Plaintiff Emily Kollaritsch. (PageID.254, ¶ 138).

Whether the knowledge or actions of an individual may be imputed to an entire organization depends on the "degree of discretion the [individual] has in making decisions that will ultimately determine [organizational] policy." *M & M Graphics Servs. v. WIAR*, unpublished opinion per curiam of the Court of Appeals (Docket No. 235853), 2003 Mich. App. LEXIS 1468 (June 19, 2003) at *4 (discussing the imputation of knowledge of individual members to a corporate entity) (attached as **Exhibit 1**). "Membership in an unincorporated voluntary association . . . cannot alone impose liability on all members of that association for the actions of a single member which occurred without their knowledge or approval." *Sitrin v. Meneghini*, 1996 Mass. App. Div. 148, 150 (Mass. App. Div. 1996).

*Sitrin* entered judgment in favor of a local fraternity chapter as a matter of law where there was no evidence upon which the fraternity could be held collectively liable for the negligence of one of its members. *Sitrin*, 1996 Mass. App. Div. at 150. The plaintiff there was injured when one of the fraternity members negligently hit her in the head with a beer can. *Id.* at 149. The plaintiff brought suit against the individual member as well as the fraternity, alleging negligence based on a failure to protect a social guest. *Id.* The trial court entered judgment in favor of the plaintiff. *Id.* However, the court on appeal reversed, holding that the negligence of individual members of the fraternity "could not be imputed to the entire fraternity." *Id.* at 150.

Taking Plaintiffs' allegations as true for the purposes of this motion, the allegation that individual members, none of which are alleged to be officers or work in any position of

6

authority, were aware that Mr. Doe had been disciplined previously by MSU does not impute knowledge onto Delta Psi as an organization. Like *Sitrin*, this Court should not hold Delta Psi as an organization liable for the alleged negligence of a few unnamed members by imputing knowledge of those members to the organization. Plaintiffs' Amended Complaint states in a conclusory fashion that Delta Psi knew or should have known about Mr. Doe's history of sexual assault but provides no basis for this conclusion. No one in a position of authority at Delta Psi is alleged to have had any knowledge, nor is there any allegation that Delta Psi had an affirmative duty or even the ability to seek out and obtain such information.

Absent sufficiently alleging that Delta Psi had knowledge of Mr. Doe's allegedly dangerous propensities, Plaintiffs must allege that Delta Psi engaged in willful and wanton misconduct that resulted in Ms. Gross' alleged injuries. Plaintiff's Amended Complaint does not include these allegations.

### B.  Plaintiffs Fail to Allege Delta Psi Engaged in Willful and Wanton Conduct

The required elements for willful and wanton misconduct are:

> (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another,
>
> (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and
>
> (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

*Taylor*, 241 Mich. App. at 457 (citing *Miller v. Bock*, 223 Mich. App. 159, 166; 567 N.W.2d 253 (Mich. Ct. App. 1997)). "Willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm, or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 784 (6th

Cir. 2015) (quoting *Burnett v. Adrian*, 414 Mich. 448, 455; 326 NW2d 810 (Mich. 1982)). Further, the "Court does not easily describe omissions to act as willful and wanton misconduct." *Boumlehem v. BIC Corp.*, 211 Mich. App. 175, 187; 535 NW2d 574 (1995).

In *Taylor*, the plaintiff brought a negligence action stemming from injuries sustained at a high school graduation party hosted by defendant. *Id.* at 450. Plaintiff was punched, kicked, struck multiple times, and pushed into a swimming pool by another guest, resulting in several injuries. *Id.* During the entire altercation, the defendant party host remained inside her home and did not contact the police, even though she allegedly knew plaintiff was being beaten. *Id.* at 457. Yet, the court granted summary disposition in favor of the defendant, holding that there was no evidence to establish that defendant's inaction rose to the level of wanton or willful because she did not have "the ability to avoid the resulting harm to plaintiff." *Id.*

Here, Delta Psi had even less ability, as alleged, to avoid the harm to Ms. Gross. The Amended Complaint contains no allegation that anyone at the party on the night in question could have prevented the injury, or even that anyone saw Mr. Doe and Ms. Gross doing anything inappropriate or out of the ordinary. If the homeowner in *Taylor* had no ability to avoid the harm to the plaintiff in that case where the homeowner allegedly knew that the plaintiff was being beaten and could have easily called the police, Delta Psi has no ability to prevent the alleged criminal actions of another individual allegedly being perpetrated on a social guest at its local fraternity house where there is no claim that anyone witnessed or knew of the actions.

Delta Psi's alleged inaction is insufficient to establish the requisite willful and wanton misconduct for liability to a social guest. Like the court in *Taylor*, this Court should find that Plaintiffs' Amended Complaint is insufficient to survive a motion to dismiss under Rule 12(b)(6), and this Court should deny Plaintiff's Motion for Leave to File an Amended Complaint.

## CONCLUSION

Wherefore, Defendant Delta Psi Fraternity requests that this Court grant its Motion to Dismiss Ms. Gross' Complaint under Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted,

        FOSTER, SWIFT, COLLINS & SMITH, P.C.
        Attorneys for Defendant Delta Psi

Dated: March 1, 2016        By:    <u>s/ Scott L. Mandel</u>
        Scott L. Mandel (P33453)
        Pamela C. Dausman (P64680)
        Tyler J. Olney (P80017)
        313 S. Washington Square
        Lansing, MI 48933
        (517) 371-8185
        smandel@fosterswift.com