# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **Emily Kollaritsch, Shayna Gross Jane Roe 1 and Jane Roe 2,** | : | |
| | : | |
| **Plaintiffs,** | : | Case No. 1:15-cv-1191-PLM-PJG |
| | : | |
| **v.** | : | |
| | : | |
| **Michigan State University Board of Trustees, et al.** | : | Honorable Paul L. Maloney |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

      AND NOW, on this _____ day of _____, 2017, after consideration of the MSU Defendants' Motion for Certification of the Court's November 2, 2017 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and any Response(s) thereto, IT IS HEREBY ORDERED that the Motion is GRANTED.  The Court will amend its November 2, 2017 Order to include a statement certifying the Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

BY THE COURT:

_____

J.

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Emily Kollaritsch, Shayna Gross** | : | |
| **Jane Roe 1 and Jane Roe 2,** | : | |
| | : | Case No. 1:15-cv-1191-PLM-PJG |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **Michigan State University Board of** | : | Honorable Paul L. Maloney |
| **Trustees, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**MSU DEFENDANTS' MOTION FOR CERTIFICATION OF THE COURT'S**
**NOVEMBER 2, 2017 ORDER FOR INTERLOCUTORY APPEAL**
**PURSUANT TO 28 U.S.C. § 1292(B)**

Defendants Michigan State University Board of Trustees and Denise Maybank,

(the "MSU Defendants"), through their undersigned counsel, respectfully move this Court for an

Order amending its November 2, 2017 Opinion and Order to include a statement certifying the

Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

The grounds for this motion are set forth in the accompanying Memorandum of Law.  Pursuant to Local Rule 7.1(d), counsel for the MSU Defendants conferred with Plaintiffs' counsel, who stated that they will oppose this Motion.

Date:  December 4, 2017                    Respectfully submitted,

                                           /s/ Michael E. Baughman
                                           _____
                                           Michael E. Baughman, Esq.
                                           Attorney I.D. No. 78690
                                           baughmam@pepperlaw.com
                                           Kristin H. Jones, Esq.
                                           Attorney I.D. No. 85725
                                           joneskh@pepperlaw.com
                                           PEPPER HAMILTON LLP
                                           3000 Two Logan Square
                                           Eighteenth & Arch Streets
                                           Philadelphia, PA  19103-2799
                                           (215) 981-4000

                                           Matthew J. Lund, Esq. (P48632)
                                           PEPPER HAMILTON LLP
                                           4000 Town Center, Suite 1800
                                           Southfield, Michigan 48075
                                           (248) 359-7370
                                           lundm@pepperlaw.com

                                           Robert Kent, Esq.
                                           Assistant General Counsel
                                           Office of the General Counsel
                                           MICHIGAN STATE UNIVERSITY
                                           Hannah Administration Building
                                           426 Auditorium Road, Room 494
                                           East Lansing, MI  48824
                                           (517) 353-3530
                                           robkent@msu.edu

                                           *Attorneys for Defendants*
                                           *Michigan State University Board of Trustees*
                                           *and Denise Maybank*

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Emily Kollaritsch, Shayna Gross Jane Roe 1 and Jane Roe 2,** | : | |
| | : | |
| | : | Case No. 1:15-cv-1191-PLM-PJG |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **Michigan State University Board of Trustees, et al.** | : | Honorable Paul L. Maloney |
| | : | |
| | : | |
| **Defendants.** | : | |

### MSU DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CERTIFICATION OF THE COURT'S NOVEMBER 2, 2017 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................... 1

II.  ARGUMENT ................................................................................................................ 4

A.   *Davis* Requires a Plaintiff to Plead that the School's Deliberate
     Indifference Caused the Plaintiff to Suffer Additional Harassment ...................... 4

B.   Whether Title IX Requires a Plaintiff to Assert a Deliberate Indifference
     Claim by Pleading Further Harassment is a "Controlling Question of Law"......... 7

C.   Substantial Ground for Difference of Opinion Exists with Respect to
     Pleading Further Harassment under Title IX .......................................................... 8

D.   An Immediate Appeal from the Court's Order Would Materially Advance
     the Ultimate Termination of this Litigation ......................................................... 12

III. CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169 (6th Cir. 1992) ..............................8

*Bates v. Dura Auto. Sys., Inc.*, No. 1:08-0029,
    2009 U.S. Dist. LEXIS 67301 (M.D. Tenn. July 29, 2009) ..................................12

*Ctr. for Bio-Ethical Reform, Inc., v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) ..............8

*Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999)...................................... passim

*In re Donald. J. Trump*, No. 17-510/5830,
    2017 U.S. App. LEXIS 21719 (6th Cir. Nov. 1, 2017) ......................................8, 9

*Escue v. N. Okla. Coll.*, 450 F.3d 1146 (10th Cir. 2006)...........................................10

*Gaylord Ent'mt Co. v. Gilmore Ent'mt Group*,
    187 F. Supp. 2d 926 (M.D. Tenn. 2001)..........................................................13

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) ....................................4, 5

*Estate of Hickman v. Moore*, Nos. 3:09-cv-69, 3:09-cv-102,
    2011 U.S. Dist. LEXIS 28964 (E.D. Tenn. Mar. 21, 2011)............................13, 14

*K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054 (8th Cir. 2017)....................................10

*M.D. v. Bowling Green Indep. Sch. Dist.*, No. 17-5248,
    2017 U.S. App. LEXIS 19651 (6th Cir. Oct. 6, 2017) (unpublished) .....................9

*In re Miedzianowski*, 735 F.3d 383 (6th Cir. 2013)................................................8

*Moore v. Murray State Univ.*, No. 5:12 CV-001,
    2013 U.S. Dist. LEXIS 33768 (W.D. Ky. Mar. 12, 2013) ..................................10

*Noble v. Branch Intermediate Sch. Dist.*, No. 4:01cv 58,
    2002 U.S. Dist. LEXIS 19600 (W.D. Mich. Oct. 9, 2002)..................................11

*Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356 (6th Cir. 2012)............................10

*Stiles v. Grainger Cty.*, 819 F.3d 834 (6th Cir. 2016).............................................10

*Thompson v. Bruister & Assocs.*, No. 3:07-00412,
    2013 U.S. Dist. LEXIS 139374 (M.D. Tenn. Sept. 27, 2013)..............................13

*W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis
    (In re City of Memphis)*, 293 F.3d 345 (6th Cir. 2002).......................................2, 7

*Weckhorst v. Kansas State Univ.*, No. 16-CV-2255-JAR-GEB,
  2017 U.S. Dist. LEXIS 135556 (D. Kan. Aug. 24, 2017) .......................................4, 9, 10, 12

*West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*,
  138 F. Supp. 2d 1015 (W.D. Tenn. 2000).........................................................................9, 12

*Williams v. Bd. of Regents of U. System of Georgia*,
  477 F.3d 1282 (11th Cir. 2007) .............................................................................................10

<u>**CONCISE STATEMENT OF REASONS SUPPORTING POSITION**</u>

The Court should enter an Order amending its November 2, 2017 "Opinion and Order Granting in Part and Denying in Part Motion to Dismiss" (the "November 2, 2017 Order" or "Order"), to include a statement certifying the Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).  In denying the Motion to Dismiss as to three of the plaintiffs' Title IX claims, the Court did not require the three remaining plaintiffs to plead facts supporting a plausible claim that the school's alleged deliberate indifference to known harassment caused the plaintiff to suffer further harassment.  The Order conflicts with numerous authorities that require such a showing, including the U.S. Supreme Court's decision in *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999), recent appellate decisions from the Sixth and Eighth Circuit Courts of Appeals, and numerous district court cases.  *See* PageID.295-298, 514-519, 719-735, 802-821.  Resolution of this issue by the Sixth Circuit now would be the most efficient way for this case to proceed, particularly because an appeal in this case is already pending on the question of qualified immunity, which raises substantially similar issues.

The Court should certify this question – whether Title IX requires a plaintiff to plead that a school's deliberate indifference caused them to suffer further harassment – under 28 U.S.C. § 1292(b), which requires a showing that the order presented for certification (i) "involve[s] a controlling question of law"; (ii) "as to which there is substantial ground for difference of opinion"; and that (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  All three elements are met here.  ***First***, this is a controlling question of law regarding precisely what cause of action *Davis* allows against a school under Title IX.  If the Sixth Circuit decides that *Davis* requires pleading further harassment, the MSU Defendants would prevail against the remaining Title IX claims and the case will be over.  ***Second***, an immediate appeal here would "materially advance"

the ultimate termination of this litigation by potentially ending the case, thereby saving judicial resources and litigant expense.  Moreover, as the MSU Defendants have also appealed the Court's decision denying qualified immunity, it would serve judicial economy to have all issues decided by the Sixth Circuit at once.  ***Third,*** a "substantial ground for difference of opinion" exists on this issue.  While some district courts have allowed Title IX plaintiffs to plead only that they became "more vulnerable" to harassment, other courts, including courts of appeal, have required that they plead actual further harassment by the offending student.  The lack of clarity on the matter recently led the the Tenth Circuit to accept an interlocutory appeal on this same issue pursuant to § 1292(b) certification.  *See Weckhorst v. Kansas State Univ.*, No. 16-CV-2255-JAR-GEB, 2017 U.S. Dist. LEXIS 135556 (D. Kan. Aug. 24, 2017) (certification order). This Court should do the same.

## I.      **INTRODUCTION**

Defendants Michigan State University Board of Trustees and Denise Maybank (the "MSU Defendants") respectfully request that the Court enter an Order amending its November 2, 2017 "Opinion and Order Granting in Part and Denying in Part Motion to Dismiss" (the "November 2, 2017 Order" or "Order"), to include a statement certifying the Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).  Doing so will allow a critical threshold issue to be determined now, which may well end the litigation.  It would also be efficient and practical, particularly since portions of this case raise the same issues already in front of the Sixth Circuit because of the MSU Defendants' appeal of the Court's decision on qualified immunity.  In short, this is precisely the type of case that is appropriate for immediate appeal.

In their motion to dismiss, the MSU Defendants showed that a Title IX plaintiff must plead facts supporting a plausible claim that the school's alleged deliberate indifference to known harassment caused the plaintiff to suffer further harassment.  The MSU Defendants relied on ample authority, including the U.S. Supreme Court's decision in *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999), recent appellate decisions from the Sixth and Eighth Circuit Courts of Appeals cited as supplemental authority, and numerous district court cases.  *See* PageID.295-298, 514-519, 719-735, 802-821.

The Court's Order, in denying the MSU Defendants' motion to dismiss the Title IX claims of three plaintiffs, did not address the recent appellate authority from the Sixth and Eighth Circuit Courts of Appeals or the numerous district court cases, and did not require plaintiffs to plead that they suffered further harassment from their alleged perpetrators as the result of any deliberate indifference by the MSU Defendants.  Instead, the Court concluded that the MSU Defendants' alleged response to each plaintiff's report of sexual assault was, as pleaded, "unreasonable in light of the known circumstances" and the manner in which the MSU

Defendants conducted the investigation deprived each plaintiff of educational opportunities because she feared for her safety on campus or declined to attend classes or functions. *See* PageID.839-840. In other words, the Court found that the MSU Defendants' alleged deficient response to past acts of harassment by other students caused the Plaintiffs emotional distress which interfered with their education.

This is not the cause of action the United States Supreme Court permitted in *Davis*. *Davis* held that a school could be liable for peer on peer sexual harassment under Title IX only where ***the school*** engages in intentional gender discrimination by turning a blind eye to ongoing, known acts of sexual harassment, thereby allowing them to continue. The school's deliberate indifference ***must itself be the cause of the peer on peer harassment***. Only then can the school be deemed to have engaged in intentional gender discrimination. The Supreme Court expressly stated that it was ***not*** requiring schools to "remedy" past acts of sexual harassment, which is precisely what this Court has held actionable in denying the MSU Defendants' Motion to Dismiss.

The Court should certify this question under 28 U.S.C. § 1292(b), which requires a showing that the order presented for certification (i) "involve[s] a controlling question of law"; (ii) "as to which there is substantial ground for difference of opinion"; and that (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis, (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). All of the factors required under § 1292(b) are present in this case.

***First,*** whether Title IX requires Plaintiffs to plead that the MSU Defendants' alleged deliberate indifference caused them to suffer further peer harassment after reporting their

sexual assaults, is a controlling question of law. This issue goes to the heart of the scope of a school's liability under Title IX for handling cases of sexual assault. If the Sixth Circuit decides that *Davis* requires allegations that the school's deliberate indifference caused additional such harassment, the MSU Defendants will prevail against the remaining Title IX claims and the case will be over.

        ***Second***, an immediate appeal here would "materially advance" the ultimate termination of this litigation by potentially ending the case, thereby saving judicial resources and litigant expense. If nothing else, clarification of this issue at the outset of the litigation will inform the Court and the parties as to the contours of discovery and an eventual trial. Knowing the answer to this issue now will avoid wasting substantial resources, should the Sixth Circuit ultimately agree with the MSU Defendants' interpretation of the law after judgment, requiring the Court and parties to do it all over again. Judicial economy also compels having this issue decided by the Sixth Circuit now, since the MSU Defendants have separately taken an appeal as of right on the issue of whether the doctrine of qualified immunity protects Defendant Maybank against Plaintiff Gross' Equal Protection claim. As this Court has found that the same deliberate indifference standard applies to that claim as to the Title IX claims, the issue will be before the Sixth Circuit no matter what, and all issues should be decided together, now.

        ***Third,*** there is "substantial ground for difference of opinion" on the issue of whether Title IX requires a plaintiff to plead further harassment. A number of district courts have held that a Title IX claim is stated where a school's actions make a plaintiff "more vulnerable" to harassment. Other courts, including courts of appeal, have instead held that *Davis* requires a plaintiff to plead that she was harassed by the offending student after the school was

put on notice of the harassment. The issue is, therefore, subject to dispute, and there are substantial grounds for difference of opinion with this Court's conclusion.

All of the factors favor granting an appeal now. Importantly, this Court would not be alone in certifying this issue for interlocutory review. The Tenth Circuit Court of Appeals recently agreed to review the very same question pursuant to § 1292(b) certification by the district court. *See Weckhorst v. Kansas State Univ.*, No. 16-CV-2255-JAR-GEB, 2017 U.S. Dist. LEXIS 135556 (D. Kan. Aug. 24, 2017) (certification order); *see also* Exhibit A (Tenth Circuit Order Permitting Appeal, No. 2:16-cv-02255-JAR-GEB, Docket No. 80 (Sept. 25, 2017)). This Court should do the same.

## II.  ARGUMENT

### A.  *Davis Requires a Plaintiff to Plead that the School's Deliberate Indifference Caused the Plaintiff to Suffer Additional Harassment*

Plaintiffs are not suing the MSU Defendants for making decisions or taking actions that were motivated by gender bias. Instead, they are suing over allegedly discriminatory acts by other members of the MSU community – students who allegedly assaulted them while attending MSU. The Supreme Court implied a narrow right of action for damages in such cases in *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) and *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999). These cases hold that, in the context of sexual harassment between members of the school's community, a cause of action for damages is available only where the school ***itself*** has engaged in intentional gender discrimination, by making an affirmative decision not to address known, ongoing harassment in its educational programs, thus allowing the harassment to continue. Title IX does not require a school to provide a particular remedy in response to one student's sexual assault of another student.

-4-

In *Gebser*, the Supreme Court considered a Title IX claim premised on a school teacher's sexual relationship with an eighth grade student.  In finding that the school district could not be liable for the teacher's conduct, the Supreme Court held that "a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser*, 524 U.S. at 290.  "[T]he response must amount to deliberate indifference to discrimination. . . .The premise, in other words, is an official decision by the recipient not to remedy the violation." *Id.*  The Supreme Court declined to impose liability based on principles of *respondeat superior* or constructive notice of the ongoing sexual relationship, *id.* at 285, explaining that any standard lower than deliberate indifference (such as negligence), would create "a risk that the recipient would be liable in damages not for its own official decision but instead for its employee's independent actions." *Id.* at 290-91.  Although the school district in *Gebser* had knowledge of other inappropriate comments by the teacher involved, because it did not have actual knowledge of the sexual relationship while it was occurring, it could not be liable under Title IX.  *Id.* at 292.

The next year, in *Davis*, the Supreme Court considered whether a school district could be liable for a fifth grader's continual sexual harassment of another student.  Guided by the principle from *Gebser*, *Davis* affirmed that a private right of action under Title IX is available only "where the funding recipient engages in ***intentional*** conduct that violates the clear terms of the statute."  526 U.S. at 641-42 (emphasis added).  Schools can be liable only for their own actions that amount to intentional gender discrimination – meaning (1) "the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities," *id.* at

632; (2) the deliberate indifference of the school "'cause[s] [students to undergo' harassment or 'make[s] them liable or vulnerable' to it[,]'" *id.* at 645; and (3) the harassment caused by the school's deliberate indifference is "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit" provided by the school. *Id.* at 633.

Thus, a school is liable under Title IX only where it "subjects" a student to harassment, meaning that the school's deliberate indifference "effectively 'cause[s]' the discrimination" for which plaintiff seeks damages. *Davis,* 526 U.S. at 642-43, 644. At a minimum, therefore, the deliberate indifference must "cause [students] to undergo" harassment or "make them liable or vulnerable to it." *Id.* at 645.[1] Any other test would hold schools liable not for causing discriminatory peer harassment, but for the manner in which they seek to remedy peer harassment – something the Supreme Court said in *Davis* a school has no obligation to do. *Id.* at 648-49 (rejecting dissent's argument that the majority decision required "funding recipients to 'remedy' peer harassment"). It is one thing to hold, as the Court did in *Davis*, that turning a blind eye to ongoing, known gender discrimination can itself constitute gender discrimination by the entity turning the blind eye, thus enabling the discrimination to continue. It is quite another thing to find that a failure to remedy past discrimination by someone else is the equivalent of "subjecting" a student to gender discrimination, where the school's actions are not themselves alleged to be motivated by gender bias.

As explained in detail in the MSU Defendants' Motion to Dismiss (and not contradicted by this Court in its ruling), none of the plaintiffs here adequately plead that she

---

[1] As explained below, the U.S. Supreme Court's reference to "make them liable or vulnerable" to harassment has created some conflict in decisions in the federal district courts, although the Court was clearly not intending to create a cause of action for fear of harassment which never occurs. The divergence in district court authority highlights the appropriateness of an immediate appeal on this issue.

suffered additional harassment after the MSU Defendants were put on notice of the alleged

assault.  Two of the plaintiffs never saw their alleged assailants again.  Instead, the Court

allowed the three remaining plaintiffs to proceed on the grounds that the MSU Defendants'

allegedly unreasonable response to their reports of sexual assault interfered with their education.

*See* Page ID.839 ("Because she feared for her safety, Kollaritsch took leaves of absence from

MSU and did not take classes."); Page ID.840 ("Taken as true, the inadequate manner in which

MSU conducted its investigation created a situation where Jane Roe 1 did not feel safe on

campus and avoided it at night, and led her to absent or late to classes."); Page ID.842 ("Because

of the manner in which MSU investigated her report, she stopped participating in extra-curricular

activities.  Because of the stress caused by the investigations, Gross had problems in class and

had to seek accommodations from professors.").

While Title IX prohibits gender discrimination, it does not create a federal tort

claim for mental distress caused by a "clearly unreasonable" response to past acts of sexual

harassment.  Because the Plaintiffs fail to plead that the MSU Defendants' actions subjected

them to gender discrimination by causing them to suffer additional harassment, the Court should

have granted the MSU Defendants' Motion to Dismiss.

### B.    *Whether Title IX Requires a Plaintiff to Assert a Deliberate Indifference Claim by Pleading Further Harassment is a "Controlling Question of Law"*

An order presented for certification is "controlling," and thus appropriate for

interlocutory review, if it involves a legal question that could materially affect the outcome of the

case.  *In re City of Memphis*, 293 F.3d at 351.  "[T]he resolution of an issue need not necessarily

terminate an action or have precedential value for a number of pending cases to be 'controlling.'

Rather, all that must be shown . . . is that resolution of the issue on appeal could materially affect

the outcome of litigation in the district court." *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992) (citations and internal quotations omitted).

   The question presented for certification here – whether stating a claim under Title IX requires a plaintiff to plead that a school's deliberate indifference caused her to suffer further harassment – is both a legal and controlling one. "The sufficiency of a complaint is a question of law." *Ctr. for Bio-Ethical Reform, Inc., v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). "Questions of law—[such as] whether the complaint states a facially valid claim . . . are undoubtedly 'controlling' because their resolution 'could materially affect the outcome of the case.'" *In re Donald. J. Trump*, No. 17-510/5830, 2017 U.S. App. LEXIS 21719, at \*4-5 (6th Cir. Nov. 1, 2017).

   An affirmative finding on this question by the Sixth Circuit will significantly affect the conduct of the litigation before this Court by potentially eliminating the remaining Title IX causes of action against the MSU Defendants. Further, while not required, an appellate ruling on this issue also would have precedential value throughout this Circuit by clarifying the pleading requirement regarding further harassment in a Title IX claim – a question that is frequently the subject of litigation and has led to the divergent decisions cited in the parties' motion to dismiss briefing. (*See* cases cited at PageID.295-298, 433-434, 514-519).

  **C.**   ***Substantial Ground for Difference of Opinion Exists with Respect to Pleading Further Harassment under Title IX***

   Courts in the Sixth Circuit have found that substantial grounds for a difference of opinion exist when either "(1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the Sixth Circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735

F.3d 383, 384 (6th Cir. 2013).  The Sixth Circuit has elaborated that such grounds "exist[] where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. . . . Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *In re Trump*, 2017 U.S. App. LEXIS 21719, at *5 (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)); *see also West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000) (substantial ground for difference of opinion may exist where Sixth Circuit "has not rendered a decision on the matter," and the relevant authorities are "susceptible to competing interpretations.").

"[C]ourts have reached varying conclusions on the issue" of whether a plaintiff must prove a defendant's deliberate indifference caused additional harassment. *Weckhorst*, 2017 U.S. Dist. LEXIS 135556 at *13 (certifying same issue under § 1292(b)).  While no published Sixth Circuit decision squarely disposes of whether a plaintiff must plead further harassment to state a claim for deliberate indifference under Title IX, the recent decision of *M.D. v. Bowling Green Indep. Sch. Dist.*, No. 17-5248, 2017 U.S. App. LEXIS 19651 (6th Cir. Oct. 6, 2017) (unpublished), strongly suggests a plaintiff must.  There, the Sixth Circuit affirmed that a school's alleged failure to remedy a student's fear and emotional trauma stemming from past harassment is not sufficient to state a claim under Title IX.  The Court of Appeals in *M.D.* also acknowledged that the plaintiff had not alleged any further harassment, though it did not squarely state that pleading further harassment is an essential element of a Title IX claim.  Prior decisions from the Sixth Circuit are likewise consistent with, but do not expressly state, a requirement to plead causation between deliberate indifference and further harassment.  *See, e.g.,*

*Stiles v. Grainger Cty.*, 819 F.3d 834, 849-851 (6th Cir. 2016) (school liable only for peer on peer harassment that occurs after school is on notice that its actions to remedy harassment are ineffectual); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 364 (6th Cir. 2012) (denying Title IX deliberate indifference claim where "it cannot be said that [defendant's] own deliberate indifference effectively cause[d] the discrimination.") (internal quotation marks and citations omitted); *see also Moore v. Murray State Univ.*, No. 5:12 CV-001, 2013 U.S. Dist. LEXIS 33768, at *10 (W.D. Ky. Mar. 12, 2013) ("The relationship between causation and deliberate indifference is vitally important in a student-on-student harassment case . . . . [because] plaintiffs do not seek to recover against the perpetrator of the harassment[;] [r]ather they bring suit against the entity receiving federal funds for its own decision to remain idle . . . .").

Other Courts of Appeals that have addressed the issue have done so indirectly, but their decisions support the MSU Defendants' position that pleading further harassment is required. *See, e.g., K.T. v. Culver-Stockton Coll.,* 865 F.3d 1054, 1057-58 (8th Cir. 2017) (complaint failed to state claim for deliberate indifference where it "identified no causal nexus between [college's] inaction and [plaintiff's] experiencing sexual harassment"); *Williams v. Bd. of Regents of U. System of Georgia*, 477 F.3d 1282, 1296 (11th Cir. 2007) ("[A] Title IX plaintiff at the motion to dismiss stage must allege that the Title IX recipient's deliberate indifference to the initial discrimination subjected the plaintiff to further discrimination."); *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1155 (10th Cir. 2006) ("Significantly, we note that Ms. Escue does not allege that further sexual harassment occurred as a result of NOC's deliberate indifference").

It is true that a dueling line of authority has emerged among district courts as to whether further acts of harassment must be pleaded, thus demonstrating that this is a difficult question on which fair-minded jurists might reach contradictory conclusions. *See Weckhorst*,

2017 U.S. Dist. LEXIS 135556 at *9-14 (discussing conflicting authority as reason for certifying question for an immediate appeal).  As explained in the MSU Defendants' motion to dismiss, absent allegations of direct gender bias (which Plaintiffs do not allege here), the Supreme Court in *Davis* required that a school's own deliberate indifference must "subject" a student to harassment, such that it "'cause[s] [students to undergo' harassment or 'make[s] them liable or vulnerable' to it[.]'"  *See* PageID.294; *Davis*, 526 U.S. at 645.  Plaintiffs cited several district courts that interpreted the "liable or vulnerable" language in *Davis* to mean that a plaintiff need not allege actual further harassment, but rather may plead the mere possibility of further harassment or encounters with an alleged assailant.  *See* PageID.432-435 (citing cases). Although this Court did not cite these cases, its opinion denying the MSU Defendants' Motion to Dismiss is not inconsistent with their reasoning.

But as one Michigan district court explained, Plaintiffs' reading (and that of several other district courts) is inconsistent with *Davis* and "tear[s] out of context the Supreme Court's use of the word 'vulnerable' in explaining how a school district's deliberate indifference might 'subject' students to harassment. . . .  The [*Davis*] Court was merely explaining that a school district violates Title IX when its deliberate indifference exposes students to sexual harassment that could have been prevented by reasonable measures.  The Court did not hold, or even intimate, that a school district must pay damages for a student's apprehension of future sexual assault that never materializes."  *Noble v. Branch Intermediate Sch. Dist.*, No. 4:01cv 58, 2002 U.S. Dist. LEXIS 19600, at *67 (W.D. Mich. Oct. 9, 2002) (internal citations and quotation marks omitted), *aff'd*, 112 F. App'x 507 (6th Cir. 2004); *see also Davis* 526 U.S. at 645 (defining being "subject" to harassment as when "known harassment ***occurs***," which implies actual, not just potential, harassment) (emphasis added).

-11-

The cases that have declined to require allegations of further harassment also misapprehend the facts in *Davis*, which involved ***ongoing*** harassment (as did the Sixth Circuit cases cited by the Court in the Order).  The *Davis* Court found that a school district could be liable for a fifth grader's "prolonged pattern of sexual harassment" by another student over a five-month period, during which the school had notice of each incident but took no steps to protect the plaintiff or discipline the harasser, and even forced the harasser to sit next to the plaintiff.  526 U.S. at 633-635.  The *Davis* Court concluded that the school district had "'subject[ed]' [plaintiff] to discrimination by failing to respond in any way over a period of five months to complaints of [the harasser's] in-school misconduct from [plaintiff] and other students."  *Id.* at 649.  Thus, the *Davis* Court's discussion of a "clearly unreasonable" response referred to a response that is not reasonably tailored to stop ongoing harassment – not one that is unreasonable to remedy the effects of past harassment, which the Court found sufficient to state a claim here.

In sum, even if the Court's opinion is not directly in conflict with Sixth Circuit precedent, there is certainly a substantial ground for difference of opinion on this issue, and persuasive authorities are "susceptible to competing interpretations."  *See West Tenn.*, 138 F. Supp. 2d at 1026.  This lack of clarity recently led the the Tenth Circuit to accept an interlocutory appeal on this very issue.  *See Weckhorst v. Kansas State Univ.*, 2017 U.S. Dist. LEXIS 135556 and Exhibit A.  The exact same reasons apply here, and the Court should certify the issue for an immediate appeal.

**D.**  ***An Immediate Appeal from the Court's Order Would Materially Advance the Ultimate Termination of this Litigation***

"An interlocutory appeal materially advances the ultimate termination of the litigation when it save[s] judicial resources and litigant expense."  *Bates v. Dura Auto. Sys., Inc.*,

No. 1:08-0029, 2009 U.S. Dist. LEXIS 67301, at *15 (M.D. Tenn. July 29, 2009) (internal

citations omitted).  In other words, this requirement "means that resolution of a controlling legal

question would serve to avoid a trial or otherwise substantially shorten the litigation." *Thompson*

*v. Bruister & Assocs.*, No. 3:07-00412, 2013 U.S. Dist. LEXIS 139374, at *21 (M.D. Tenn. Sept.

27, 2013); *see Gaylord Ent'mt Co. v. Gilmore Ent'mt Group*, 187 F. Supp. 2d 926, 957 (M.D.

Tenn. 2001) (stating "interlocutory appeal is favored where reversal would substantially alter the

course of the district court proceedings or relieve the parties of significant burdens").

   The MSU Defendants seek immediate review of a discrete and controlling

question of law that, if decided in their favor, will eliminate the remaining Title IX claims

against them.  And an interlocutory appeal is particularly appropriate here, given that the MSU

Defendants are simultaneously taking an appeal as of right to the Sixth Circuit on the claim of

whether Defendant Maybank has qualified immunity against Plaintiff Gross' Equal Protection

claim.  The Court recognized in its November 2, 2017 Order that the inquiry for deliberate

indifference under the Equal Protection Clause is "substantially the same" as under Title IX.  *See*

PageID.846.  Thus, the Sixth Circuit already will be deciding these same "Title IX" issues.  It

should decide all these issues at once.  *See Estate of Hickman v. Moore*, Nos. 3:09-cv-69, 3:09-

cv-102, 2011 U.S. Dist. LEXIS 28964, at *26-27 (E.D. Tenn. Mar. 21, 2011) (allowing

interlocutory appeal where it "would save judicial resources and litigant expense" by precluding

a later appeal that "would involve many of the same facts as the appeals concerning the denial of

qualified immunity").[2]

---

[2] The MSU Defendants believe that the Sixth Circuit has pendent appellate jurisdiction over some or all of the Title IX claims.  Nevertheless, given the possibility that the Sixth Circuit finds that it does not have jurisdiction over some or all of the Title IX claims, the Court should certify the question under Section 1292(b) to avoid piecemeal litigation.

Finally, permitting an immediate appeal is prudent at this juncture because this case is still in the early stages of litigation and no discovery has yet occurred.  *See Estate of Hickman*, 2011 U.S. Dist. LEXIS 28964, at *27 (noting early stage of litigation supports certifying case for interlocutory appeal).  Deciding this issue now will likely end the litigation, or at the very least set the proper contours for discovery and summary judgment.  The parties and this Court should know the proper elements of the cause of action under *Davis* before discovery and before trial, so that nothing needs to be redone if this question is not resolved until after a final judgment.

III.   **CONCLUSION**

        For the reasons set forth above, the MSU Defendants respectfully request that the

Court amend its November 2, 2017 Order to include a statement certifying the Order for

interlocutory appeal under 28 U.S.C. § 1292(b), on the issue of whether Title IX requires a

plaintiff to allege that a school's deliberate indifference to known, past harassment caused her to

suffer further harassment.

Date:  December 4, 2017                    Respectfully submitted,

                                          */s/ Michael E. Baughman*
                                          _____
                                          Michael E. Baughman, Esq.
                                          Attorney I.D. No. 78690
                                          baughmam@pepperlaw.com
                                          Kristin H. Jones, Esq.
                                          Attorney I.D. No. 85725
                                          joneskh@pepperlaw.com
                                          PEPPER HAMILTON LLP
                                          3000 Two Logan Square
                                          Eighteenth & Arch Streets
                                          Philadelphia, PA  19103-2799
                                          (215) 981-4000

                                          Matthew J. Lund, Esq. (P48632)
                                          PEPPER HAMILTON LLP
                                          4000 Town Center, Suite 1800
                                          Southfield, Michigan 48075
                                          (248) 359-7370
                                          lundm@pepperlaw.com

                                          Robert Kent, Esq.
                                          Assistant General Counsel
                                          Office of the General Counsel
                                          MICHIGAN STATE UNIVERSITY
                                          Hannah Administration Building
                                          426 Auditorium Road, Room 494
                                          East Lansing, MI  48824
                                          (517) 353-3530
                                          robkent@msu.edu

                                          *Attorneys for Defendants*
                                          *Michigan State Univ. Board of Trustees*
                                          *and Denise Maybank*

-15-

## <u>CERTIFICATE OF NON-CONCURRENCE</u>

The undersigned attorney for Defendants Michigan State University Board of

Trustees and Denise Maybank (the "MSU Defendants"), advised Plaintiffs' counsel of the

foregoing motion by email on November 27, 2017, but was informed by email on November 28,

2017 that Plaintiffs do not concur in the motion.


Dated: December 4, 2017                    */s/ Michael E. Baughman*          
                                           Michael E. Baughman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2017, I electronically filed the foregoing

Motion for Certification of the Court's November 2, 2017 Order for Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b) with the Clerk of the Court using the CM/ECF system, which

sent notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Michael E. Baughman*

_____
Michael E. Baughman, Esq.
Attorney I.D. No. 78690
baughmam@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000